IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHARKDIVER CONSULTING, LLC and STEPHEN VERSKA, <br><br> Plaintiffs, <br><br> v. <br><br> GEMINI DIRECT, LLC and STEVE URVAN, <br><br> Defendants. | Civil Action File No. <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COME Plaintiffs SharkDiver Consulting, LLC ("SharkDiver") and Stephen Verska ("Mr. Verska") (collectively, "Plaintiffs"), by and through counsel, for their Complaint against Defendants Gemini Direct, LLC ("Gemini") and Steven Urvan ("Mr. Urvan") (collectively, "Defendants"), and allege as follows:

### I. NATURE OF THE ACTION

1. This is an action for breach of contract. As set forth below, Plaintiffs were an independent contractor of GunBroker.com, LLC. Plaintiffs accordingly held a significant role that led to the success of GunBroker.com, LLC, including the terms on which it was sold. Plaintiffs were not compensated as they were entitled from the sale. Accordingly, the sellers of GunBroker.com, LLC, Defendants entered into a

Severance and Release Agreement ("Agreement") with Plaintiffs to resolve their claims to compensation from the sale. A copy of the Agreement is attached as **Exhibit A**. After numerous requests by Plaintiffs to Defendants to timely pay their obligations under the Agreement, Defendants have refused to pay. This action seeks damages owed to Plaintiffs pursuant to the Agreement.

## II. PARTIES

2. Plaintiff SharkDiver is a limited liability company organized under the laws of the State of Georgia. SharkDiver's sole member, Mr. Verska, is resident of the State of Georgia. SharkDiver's principal place of business is in Fulton County, Georgia.

3. Plaintiff Mr. Verska is a resident of Fulton County, Georgia.

4. Defendant Gemini is a limited liability company organized under the laws of the State of Nevada. Upon information and belief, Gemini's sole member, Mr. Urvan, is a resident of either the State of Florida or North Carolina.

5. Upon information and belief, Defendant Mr. Urvan is a resident of either the State of Florida or North Carolina. Upon information and belief, Mr. Urvan resides either in Delray Beach, Florida or Cornelius, North Carolina.

## III. JURISDICTION AND VENUE

6. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 due to the complete diversity of citizenship of the parties and because the amount in controversy exceeds or is likely to exceed $75,000.00 in value.

7. This Court has in personam jurisdiction over Defendants and venue is proper in this Court because Defendants agreed to such within the Agreement under Section 5(b).

8. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## IV. FACTUAL BACKGROUND

9. At all relevant times, SharkDiver has been owned by Mr. Verska and Mr. Verska was also its sole worker. Therefore, SharkDiver's actions are and were Mr. Verska's actions.

10. SharkDiver was an independent contractor to GunBroker.com, LLC and on its Board of Directors prior to its acquisition by AMMO Inc. on April 30, 2021. Therefore, Mr. Verska engaged in all the actions taken by SharkDiver as the independent contractor to GunBroker.com, LLC and as a member of its Board of Directors.

11. AMMO Inc. and Defendants had no terms or agreements negotiated to fulfill Plaintiffs' rights associated with GunBroker.com, LLC upon its acquisition.

12. Accordingly, Plaintiffs demanded the payment they were due, with the threat of taking further legal action.

13. As a result, after settlement negotiations, Plaintiffs entered into the Agreement with Defendants, which was executed on April 30, 2021.

14. Defendants requested that Plaintiffs engage in settlement negotiations to facilitate with its sale of GunBroker.com, LLC to AMMO Inc.

15. The Agreement recognizes in its introductory paragraphs that:

   a. "Shark Diver has provided services to Affiliates (which term shall have the meaning set forth in SEC Rule 405) of Urvan and Gemini and has been a board member, employee, officer or director of such one or more Affiliates;"

   b. "Shark Diver has been advised by Urvan that such services are being terminated;"

   c. "Urvan and Gemini desire that Shark Diver and Verska provide a release of any claims they may have on account of such services and termination of services and want to compensate Shark Diver for the services and in consideration of providing the release;" and

    d. "Shark Diver is prepared to give a release subject to the terms set forth in this Release Agreement, including, without limitation, the receipt of the Release Payment …"

16. The Agreement requires:

    a. "As full compensation for the past services rendered to Urvan, Gemini and their Affiliates, Gemini and Urvan jointly and severally shall pay Shark Diver the sum of $3,000,000 (the "**Total Payment**"), which Total Payment shall be paid in three annual installments of $1,000,000 each (collectively the "**Installment Payments**" and individually an "**Installment Payment**"), with each Installment Payment due no later than May 7, 2021, May 7, 2022 and May 7, 2023, as applicable (each a "**Payment Date**"), by wire transfer pursuant to Verska's written instructions." (Agreement, ¶ 1(a)).

    b. "The Gemini and Urvan acknowledge and agree that the Gemini's and Urvan's obligation to pay Shark Diver the Total Payment and all other amounts otherwise payable to Shark Diver hereunder will be absolute, irrevocable, continuing and unconditional, notwithstanding any event that might occur in the future where Shark Diver is being compensated for past services, all of which it has performed. The Gemini's and

Urvan's obligation to pay the applicable Installment Payment on such Payment Date, and to pay any other Installment Payment when due hereunder, shall not be affected by any future actions or inactions of Shark Diver." (Agreement, ¶ 1(c)).

c. "Shark Diver will promptly notify Gemini and Urvan if any amount under this agreement become past due. Shark Diver's failure to accelerate any payments due hereby as provided hereunder, or Shark Diver's acceptance of any past due amount or of any amount less than the full amount due, will not be construed as a waiver of any default or as a waiver of the right of Shark Diver thereafter to insist upon strict compliance with the terms of this Release Agreement, without prior notice of such intention being given to Gemini or Urvan." (Agreement, ¶ 1(d)).

d. "Gemini and Urvan agree that in the event Shark Diver has not received any Installment Payment within 10 business days of the respective Payment Date after proper notice has been given, Gemini shall pay Shark Diver interest on the then unpaid balance of the Total Payment at the rate of 12% per annum until the corresponding Installment Payment and all accrued and unpaid interest are paid in full, with any

payments first applied to interest. Subject to compliance with Internal Revenue Code Section 409A, in the event the delinquent Installment Payment and accrued and unpaid interest have not been paid within 10 days of its Payment Date, Shark Diver may (i) declare the entire remaining Total Payment to be immediately due and payable, whereupon the same will be and become immediately due and payable, regardless of the stipulated Payment Date(s), both as to principal, interest and all other charges, without presentment, demand, protest or other notice of any kind, all of which are hereby expressly waived, anything contained herein to the contrary notwithstanding; and/or (ii) exercise all other rights, options, remedies and privileges available to Verska under this Release Agreement, at law or in equity." (Agreement, ¶ 1(e)).

17. In exchange, Plaintiffs promised the following within the Agreement:
   a. "In consideration of the covenants, agreements, and undertakings of the Parties under this Release Agreement, effective upon payment of the first Installment Payment, each Party, on behalf of itself and its respective present and former parents, subsidiaries, Affiliates, officers, directors, shareholders, managers, members, successors, and assigns

(collectively, "**Releasors**") hereby releases, waives, and forever discharges the other Party and its respective present and former, direct and indirect, parents, subsidiaries, Affiliates, employees, officers, directors, shareholders, managers, members, agents, representatives, permitted successors, and permitted assigns (collectively, "**Releasees**") of and from any and all actions, causes of action, suits, losses, liabilities, rights, debts, dues, sums of money, accounts, reckonings, obligations, costs, expenses, liens, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands, of every kind and nature whatsoever, whether now known or unknown, foreseen or unforeseen, matured or unmatured, suspected or unsuspected, in law, admiralty, or equity (collectively, "**Claims**"), which any of such Releasors ever had, now have, or hereafter can, shall, or may have against any of such Releasees for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of time through the date of this Release Agreement, except for any Claims relating to rights and obligations preserved by, created by, or otherwise arising out of this Release Agreement and any Claims Shark Diver or Verska may have

for accrued and unpaid compensation and benefits from his employment as of the date of this Release Agreement." (Agreement, ¶ 2(a)).

18. Defendants paid the first installment required under the Agreement of one million dollars ($1,000,000.00).

19. Plaintiffs, through their counsel, provided notice to Defendants in a letter dated April 6, 2022, of the second Installment Payment as its due date approached.

20. Defendants failed to timely pay the second Installment Payment on May 7, 2022 as required under Section 1(a) of the Agreement.

21. Plaintiffs, through their counsel, provided notice to Defendants in a letter dated May 20, 2022, of the overdue payment.

22. Plaintiffs, through their counsel, sent a demand letter dated June 28, 2022 to Defendants that (1) demanded the late Installment Payment that was due under Section 1(a) on May 7, 2022, (2) declared that the entire remaining Total Payment be due and payable regardless of the stipulated Payment Dates both as to principal, interest and all other charges, and (3) demanded the interest on the then unpaid balance of the Total Payment pursuant to Section 1(e).

23. Defendants responded that they refused to pay.

## V. COUNTS

### FIRST CLAIM FOR RELIEF
### BREACH OF CONTRACT

24. Plaintiffs repeat and re-allege the allegations stated above as if fully set forth herein.

25. The parties to the Agreement were able to contract and, moreover, were sophisticated business people.

26. The Agreement is based on valid consideration. Plaintiffs released their legal claims against Defendants that arose from the acquisition of GunBroker.com, LLC in exchange for Defendants' Installment Payments pursuant to the terms within the Agreement.

27. The parties to the Agreement had a meeting of the minds on its terms, which is demonstrated by Defendants' payment of the first Installment Payment.

28. Defendants materially breached Section 1(a) of the Agreement, by failing to pay the second Installment Payment of one million dollars ($1,000,000.00), which was due on May 7, 2022.

29. Defendants materially breached Section 1(e) of the Agreement by refusing to pay the Total Payment or interest thereon, which was triggered within Plaintiff's demand letter dated June 28, 2022.

30. Accordingly, Defendants have now materially breached Sections 1(a) and 1(e) of the Agreement.

31. Plaintiffs have performed their obligations under the Agreement.

32. Defendants' breaches have injured Plaintiffs.

33. Plaintiffs sustained damages and losses as a result of Defendants' breaches of the Agreement.

34. Defendants are and remain liable to Plaintiffs for damages sustained as a result of Defendants' breaches of the Agreement.

## SECOND CLAIM FOR RELIEF
## ATTORNEYS' FEES AND EXPENSES

35. Plaintiffs repeat and re-allege the allegations stated above as if fully set forth herein.

36. As detailed above, Defendants have acted in bad faith, caused Plaintiffs unnecessary trouble and expense, and have been stubbornly litigious.

37. Accordingly, Plaintiffs are entitled to recovery of their reasonable attorneys' fees and expenses of litigation from Defendants pursuant to O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following:

(a) That Plaintiffs have and recover at least $2 million in actual damages, plus interest, for the conduct of Defendants as described in this Complaint, the exact amount to be proven at trial;

(b) That Plaintiffs have and recover attorneys' fees and costs of litigation; and

(c) That Plaintiffs have such other and further relief as is necessary, just, and equitable.

## JURY DEMAND

Plaintiffs demand a trial by jury for all issues triable by a jury.

Respectfully submitted, this 27th day of September, 2022.

>  /s/ Eric S. Fisher
>  Eric S. Fisher
>  Georgia Bar No. 250428
>  Barnes & Thornburg LLP
>  3475 Piedmont Road N.E., Suite 1700
>  Atlanta, GA  30305-3327
>  Telephone: (404) 264-4045
>  Facsimile: (404) 264-4033
>  EFisher@btlaw.com

Paige Lohse
*(pro hac vice application forthcoming)*
IL State Bar No. 6331705
Barnes & Thornburg LLP
One N. Wacker Dr., Ste. 4400
Chicago, IL  60606
Telephone: (312) 214-8301
paige.lohse@btlaw.com

*Attorneys for Plaintiffs*
*SharkDiver Consulting, LLC and Stephen Verska*